IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-cv-572-MEF-TMF |
| | ) | |
| PETRY CONSTRUCTION, INC., *et al.*, | ) | (WO - DO NOT PUBLISH) |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT, OPINION AND ORDER

### I.  INTRODUCTION

This case is before the Court on a) the Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment of Plaintiff/Counterclaim Defendant Auto-Owners (Doc. 66); b) Defendants Petry Construction, Inc., Dan Petry and Al Galdi's Motion for Partial Summary Judgment (Doc. 75); c) the following stipulated facts between the parties set forth in Section II of this order; and d) the express stipulation and agreement of all parties to the entry of this order and judgment in order to settle this case and certain claims in the underlying damage trial.  For the reasons discussed below, Auto-Owners' motion is due to be granted in its entirety as to Defendant Petry Construction, Inc., and all claims of coverage for defense and indemnity by anyone under any policy of insurance issued by Auto-Owners Insurance Company.

### II.  STIPULATED FACTS

This action is a declaratory judgment action in which Plaintiff, Auto-Owners Insurance Company (Auto-Owners) seeks a determination and judicial declaration that Tailored Protection Policies (TPP) of insurance (Policy No.: 064617-48006582-06 containing a Commercial General Liability (CGL) coverage issued to Petry Construction, Inc. (Petry Construction), as the named insured and a separate and distinct TPP policy (Policy No.: 064617-48799489-06) containing a CGL coverage and a Habitational Association Directors and Officers Liability coverage issued to North Lake Condo Club Association, Inc. (the "NLCCA" or the "Association") as the named insured, as well as a Commercial Umbrella (Umbrella) policy of insurance issued only to the NLCCA as the named insured (Policy No.: 46-799-489-00), do not provide liability insurance coverage for defense or indemnity for the claims, allegations, damages or actions alleged in that certain action styled *Jim Estes, et al. v. Daniel F. Petry, etc., et al.,* Civil Action No.: CV-07-129 (hereinafter sometimes referred to as "CV-07-129" or "the underlying action").  The underlying action is pending in the Circuit Court of Tallapoosa County, Alabama.

That a partial *pro tanto* settlement in the underlying action CV-07-129 has been reached which released and dismissed with prejudice all claims and actions asserted against individual Defendants Daniel F. Petry and Alfred G. Galdi.  That said partial settlement and release shall be effectuated by the execution of a binding settlement agreement and *pro tanto* release by Jim Estes (Estes), Jim McNair (McNair), Jeff Gleason (Gleason), Gary Parisher (Parisher), Jeff Kennedy (Kennedy) and the NLCCA.  As part of this settlement and as an express condition of settlement, all parties to this action have agreed and consented to the entry of a final and binding judgment by this Court declaring that Auto-Owners has no duty

or obligation to provide a defense or indemnity to Defendant Petry Construction, Inc., or any other person or entity that might claim to be an insured under policies of insurance issued by Auto-Owners Insurance Company regarding any claims asserted in, or which could be asserted in the underlying lawsuit by any of the Plaintiffs in the underlying action CV-07-129, by the NLCCA, or by any other parties in that action. As a further part of this settlement and as an express condition of settlement, all parties to this action have agreed and consented to the entry of a final and binding judgment further ordering that Auto-Owners has no duty or obligation to provide insurance coverage for defense or indemnity to Petry Construction, Inc., or pay any judgment which may be entered or settlement which may be reached in the underlying action CV-07-129.  That said settlement shall be further effectuated by the execution of a binding release and settlement agreement by Daniel F. Petry, Alfred G. Galdi, Petry Construction, Inc., NLCCA, Estes, McNair, Gleason, Parisher and Kennedy (collectively referred to as the "Releasing Parties").   Daniel F. Petry has expressly represented that he is the sole shareholder of Petry Construction, Inc., and that there has been no bankruptcy proceeding filed by Daniel Petry or Petry Construction, Inc., and that there has been no voluntary or involuntary assignment or transfer of Daniel Petry's shares or interest in Petry Construction, Inc.

The parties have represented and stipulated to this Court that it is the intent of the parties to have this Court enter a judgment and the parties execute a comprehensive and binding release that forever releases and discharges Auto-Owners and its affiliated companies for any liability or obligation to provide a defense or indemnity to Petry Construction, Inc., or any other party in the underlying action CV-07-129.  Under the terms

of this judgment and release Auto-Owners shall have no liability or obligation under any policy of insurance or otherwise to pay any judgment which may be entered or settlement which may be reached in the underlying action CV-07-129 against any party, person or entity.

The Defendants in this action agree and represent that there shall be no attempt to collect or seek payment from Auto-Owners for any judgment or settlement entered in the underlying action CV-07-129, and Estes, McNair, Gleason, Parisher, Kennedy and the NLCCA and the Releasing Parties expressly waive and release any and all liens, hypothecations, statutory rights, actions or other rights the Releasing Parties have, may have, or may in the future have to seek payment or collection from Auto-Owners of any judgment or settlement in the underlying action CV-07-129.  Estes, McNair, Gleason, Parisher, Kennedy and the NLCCA as well as the Releasing Parties expressly waive any and all rights Releasing Parties have, may have or may in the future have pursuant to seek payment or collection from Auto-Owners of any judgment or settlement pursuant to the Direct Action Statute, §27-23-2, Code of Alabama, 1975 or any similar statute of any state or nation.

There is no issue of fact, in the evidence cited by Plaintiff/Auto-Owners or by Defendants Petry Construction, Inc., Daniel Petry, Alfred Galdi, Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, Gary Parisher and NLCCA which would create genuine issues of fact, or to dispute in any way the interpretation of the policy advanced by Auto-Owners', and Auto-Owners is entitled to summary judgment against these Defendants on the issue of Auto-Owners' duty to defend and to indemnify Petry Construction, Inc.  In addition, the parties agree the prematurity argument with respect to the duty to indemnify, a duty which is governed by the same policy provisions, is unavailing in this case, and that summary

judgment is due to be GRANTED in favor of Auto-Owners and against Defendants as to both the duty to defend and indemnify.

The claims and damages alleged in the underlying action against Defendants Daniel F. Petry and Alfred G. Galdi by Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, Gary Parisher, and/or the NLCCA in the underlying action and lawsuit filed in the Circuit Court of Tallapoosa County, Alabama, Civil Action No.: CV-07-129, have been dismissed with prejudice pursuant to a settlement agreement and release executed by the parties to the underlying action and who are also parties to this action. The coverage issues relating thereto are, therefore, due to be dismissed as moot pursuant to and in accordance with the terms of said settlement agreement and release of the parties.

### III.  ORDER AND JUDGMENT

Accordingly, it is hereby **ORDERED** and **DECREED** as follows:

1.     That summary judgment is entered in favor of Plaintiff/Counterclaim Defendant, Auto-Owners Insurance Company, and against Defendants and Counterclaim Plaintiffs as to all claims for insurance coverage of any type whatsoever involving Petry Construction, Inc.

2.     That Plaintiff Auto-Owners does not owe coverage for a defense or indemnity to Petry Construction, Inc., Daniel F. Petry or Alfred G. Galdi under any insurance policy issued to Petry Construction, Inc., by Auto-Owners Insurance Company including, but not limited to, Tailored Protection Policy No.: 064617-48006582-06 issued to Petry Construction, Inc.

3.     That Auto-Owners does not owe coverage for defense or indemnity for any

settlement or judgment for or against any party for any past, present or future claim of any nature whatsoever that may be entered in the underlying action CV-07-129, pursuant to the settlement of the parties as expressed and represented to the Court by the parties to this action.

4.     That Auto-Owners Insurance Company does not owe insurance coverage for defense or indemnity to Petry Construction, Inc., or any person or entity claiming to be an insured under any insurance policy issued to Petry Construction, under any coverage contained in any insurance policy issued by Auto-Owners Insurance Company and/or any member of the Auto-Owners Insurance group of companies for any claims, damages, actions or causes or action asserted or which may be asserted by Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, Gary Parisher, the NLCCA or any other person or entity in the underlying action filed in the Circuit Court of Tallapoosa County, Alabama, Civil Action No. CV-07-129 for any settlement reached in said litigation, or for any future claim they may file related in any way to the underlying action or relating to the North Lake Condominium Club Association.

5.     That Auto-Owners Insurance Company does not have a duty to defend Petry Construction, Inc., and Auto-Owners does not have a duty to indemnify and/or to pay any damages, judgment or settlement based on the events alleged or which may hereafter be alleged, by amendment or otherwise, in the underlying action filed in the Circuit Court of Tallapoosa County, Civil Action No.: CV-07-129.

6.     That Plaintiff Auto-Owners Insurance Company does not owe insurance coverage to individual Defendants Petry and Galdi under any coverage in any insurance

policy issued by Auto-Owners Insurance Company. That the claims and damages alleged by Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, Gary Parisher, and/or the NLCCA in the underlying action and lawsuit filed in the Circuit Court of Tallapoosa County, Alabama, Civil Action No.: CV-07-129, do not allege an "occurrence" or covered bodily injury, property damage, personal injury or advertising injury as defined and limited in  any insurance policy issued by Auto-Owners to Petry Construction, Inc.

      7.     That the claims and damages alleged by Jim Estes, Jeff Gleason, Jeff Kennedy, Tim McNair, Gary Parisher,  and/or the NLCCA (the Releasing Parties) in the underlying action and lawsuit filed in the Circuit Court of Tallapoosa County, Alabama, Civil Action No.: CV-07-129, against individual Defendants Daniel F. Petry and Alfred G. Galdi have been dismissed with prejudice pursuant to the settlement agreement and release executed by the Releasing Parties. The coverage issues relating thereto are, therefore, dismissed as moot pursuant to and in accordance with the terms of said settlement agreement and release of the Releasing Parties which are adopted by reference and enforceable by this Court.

      8.     That upon entry of this order Auto-Owners Insurance Company shall owe no further duty to defend Daniel F. Petry and Alfred G. Galdi who have both been dismissed with prejudice as Defendants in the underlying action CV-07-129.

      9.     That upon entry of this order Auto-Owners Insurance Company shall terminate and withdraw the defense being provided by Auto-Owners to Petry Construction, Inc., pursuant to and in accordance with the settlement agreement and release of Auto-Owners by the Releasing Parties which is adopted by reference and enforceable by this Court.

10.     It is the intent of this judgment that under no circumstance and by no process, procedure or means shall Auto-Owners Insurance Company or any member of the Auto-Owners Insurance group of companies have any obligation or duty to pay any damages, judgment or settlement which may be entered or reached in the underlying action in the Circuit Court of Tallapoosa County, Civil Action No.: CV-07-129.  The Defendants in this action are prohibited and enjoined in this action by consent from ever trying to collect, directly or indirectly, from Auto-Owners Insurance Company or any member of the Auto-Owners Insurance group of companies, on any judgment, settlement or obligation entered in or arising out of the claims asserted in, which could be asserted in or which relate to the underlying action in the Circuit Court of Tallapoosa County, Civil Action No.: CV-07-129.

11.     The Court retains jurisdiction to enforce the terms and provisions of this Order and the parties' settlement.

12.      The Clerk of the Court is DIRECTED to enter this document on the civil docket sheet as a Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and to close this file..

DONE this the 7th day of May, 2010.


_____
          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE